```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


REGIONS BANK,                         :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :    CIVIL ACTION 08-0665-KD-M
                                      :
W. CRAIG MATTER and                   :
JODI MATTER,                          :
                                      :
     Defendants.                      :
```

## REPORT AND RECOMMENDATION

The Motion to Dismiss or, in the Alternative, Motion to Refer to State Court Action, filed by Defendants (Doc. 10) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 on the basis of diversity. After consideration, it is recommended that Defendants' motion be denied and that this action be allowed to proceed.

The facts, very briefly, are as follows.  On May 30, 2006, Plaintiffs W. Craig Matter and Jodi Matter (hereinafter *the Matters*) separately executed Guaranty Agreements (hereinafter *Agreements*) in which they agreed to be held responsible, jointly and severally, for all money owed to AmSouth Bank,[1] whether incurred previously or in the future, by BAM Enterprises, L.L.C., (hereinafter *BAM*) and Gulf Coast Metal Works, Inc. (hereinafter

---

[1] Plaintiff Regions Bank "is successor by merger to AmSouth Bank" (Complaint, ¶ 1).

*Gulf Coast*) (Doc. 1, ¶¶ 22, 24 and Exhibits E, F).  According to the Agreements, this was done to induce AmSouth to loan BAM and Gulf Coast money (Doc. 1, Exhibits E, F).  The Matters failed to make payments to Defendant Regions Bank—and have defaulted—on these Agreements (Doc. 1, ¶¶ 23, 25).

Plaintiff brought this action against the Matters, raising separate breach of contract claims against them (Doc. 1).  Defendants have filed a Motion to Dismiss or, in the Alternative, Motion to Refer to State Court Action (Doc. 10).  Plaintiff Responded to the Motion (Doc. 12) to which Defendants Replied (Doc. 13).  Plaintiff Replied to the Reply (Doc. 14).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S.

41, 47 (1957).[2]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 127 S.Ct. at 1966) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed."  *Twombly*, 127 U.S. at 1974.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."

---

[2]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1966-69 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

*Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

As a preliminary matter, the Court notes that this Court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).  There is no apparent dispute that the parties are diverse and that the jurisdictional amount has been met (Complaint, ¶¶ 1-4; Doc. 10, ¶¶ 8, 10, 13).  This Court has jurisdiction over this action.

In their Motion, the Matters seek to dismiss this "action for failure to join an indispensible [sic] party, the joinder of which would destroy the subject matter jurisdiction; or in the alternative move this Court to refer the above styled action to the currently pending state court action" (Doc. 10, p. 7).  Defendants have asserted that there is a state court action brought by Regions Bank against Jack Matter[3] on a Guaranty Agreement made on the same day as the Agreements signed in this action (Doc. 10, p. 2).  Plaintiff admits this assertion (Doc. 12, p. 2), but provides an argument, which will be discussed later, as to why it wishes to maintain separate actions.

---

[3] Jack Matter is not a party to this action.

Defendants acknowledge that Jack Matter, an Alabama resident (Doc. 10, p. 3, ¶ 9), cannot be joined in this action as it would destroy diversity jurisdiction (Doc. 10, p. 6).[4]  Defendants point, however, to Fed.R.Civ.P. 19(b) as grounds for dismissing this action.  That Rule states as follows:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

Plaintiff admits that it filed two separate actions, one in State Court and one in Federal Court, but asserts that Jack

---

[4] For this reason, the Court finds it unnecessary to discuss Rule 19(a) which is entitled "Persons Required to be Joined if Feasible."
The Court notes that Defendants only asserted that Jack Matter was indispensable without explaining why (*see* Doc. 10, ¶¶ 15, 18) while Plaintiff spent five pages of its Response explaining why Jack Matter was not indispensable and subsection 19(a) was inapplicable here (*see* Doc. 12, pp. 9-13).

Matter signed an Agreement, separate from the Agreements signed by Defendants in this action, agreeing to be held jointly and severally liable for all money owed to AmSouth Bank by BAM and Gulf Coast (*see* Doc. 10, pp. 62-63); Jack Matter also signed a Lease Guaranty (Doc. 12, p. 2; *see also* Doc. 10, pp. 43-58). Regions further asserts that Jack Matter's Guaranty is secured, while Defendants' Agreements are not (*see* Doc. 12, p. 3). Lastly, Regions asserts the view that a judgment from this court against the Defendants may be easier to enforce in Georgia than a similar judgment from a State court (Doc.12, p. 15).

The first factor to be considered is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Rule 19(b)(1). The Supreme Court has answer this question, stating as follows:

> [T]he plaintiff, by his judgment against one of his joint debtors, gets the relief he is entitled to, and no injustice is done to that debtor, because he is only made to perform an obligation which he was legally bound to perform before. The absent joint obligors are not injured, because their rights are in no sense affected, and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit.

*Barney v. City of Baltimore*, 73 U.S. (6 Wall.) 280, 287 (1867). The Court has already noted that all three Guaranty Agreements have language which would make each Defendant, both State and Federal, jointly and severally liable. The first factor does not

6

counsel dismissal of this action.

The second factor to be considered is "the extent to which any prejudice could be lessened or avoided."  Rule 19(b)(2).  As consideration of the first factor led to the conclusion that there would be no prejudice to any of the parties, this factor needs no consideration.  The second factor does not counsel dismissal of this action.

The third factor, "whether a judgment rendered in the person's absence would be adequate," is also answered affirmatively by *Barney* (Rule 19(b)(3)).  The third factor does not counsel dismissal of this action.

The fourth factor to be considered is "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder."  Rule 19(b)(4).  While the apparent answer is that Plaintiff could have brought this action against all parties in one action in the Alabama Courts, Defendants have not demonstrated that Plaintiff should be compelled to do so.  The Court notes that the Eleventh Circuit Court of Appeals, in *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), stated the following:  "[P]laintiff is [] the master of his own claim.  Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing."[5]

---

[5]The Court acknowledges that *Burns* is not strictly applicable in that removal is not being contemplated in this action; nevertheless, the language is appropriate here.

7

After considering the four Rule 19(b) factors, the Court finds that Defendants have not demonstrated that this action is improper or that it should be dismissed.  Furthermore, the Court notes that the Matters have failed to provide any legal basis for "refer[ring] the above styled action to the currently pending state court action" (Doc. 10, p. 7).  The Court finds that Plaintiff has stated claims against Defendants that satisfy the directive of *Twombley*.

Therefore, after consideration of all relevant pleadings of record, it is recommended that Defendants' Motion to Dismiss or, in the Alternative, Motion to Refer to State Court Action (Doc. 10) be denied and that this action be allowed to proceed.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection

shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 16th day of April, 2009.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE