**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **REGIONS BANK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO 08-0665-KD-M** |
| | ) | |
| **W. CRAIG MATTER and** | ) | |
| **JODI MATTER,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 16), Defendants' Notice of Filing Rule 56 Affidavits (Doc. 20), Defendants' Rule 56(f) Motion (Doc. 21), Plaintiff's reply thereto (Doc. 25), and Defendants' Motion to Strike (Doc. 26).

**I.      Background**

On November 14, 2008 Plaintiff Regions Bank ("Regions") filed suit against Defendants, W. Craig Matter ("CMatter") and Jodi Matter ("JMatter") pursuant to certain purported May 30, 2006 Guaranty Agreements ("CMatter Guaranty" and "JMatter Guaranty"), alleging that under these agreements CMatter and JMatter, respectively, personally guaranteed the repayment of the debt of Gulf Coast Metal Works, Inc. ("Gulf Coast") and BAM Enterprises, L.L.C. ("BAM").  (Doc. 1). On December 23, 2008, Defendants filed a motion to dismiss under Rule 19(b) asserting lack of diversity and stating that Regions – on the same day that this case was filed – filed an action in the Mobile County Circuit Court against John "Jack" E. Matter, asserting identical claims arising out of the very same debts and transactions (loan documents) regarding Gulf Coast.  (Doc. 10 at Ex. A). Defendants assert that "these loans were personally guaranteed only by John 'Jack' E. Matter." (Id. at ¶ 4).  Defendants assert further that none of the debts forming the basis of Regions' complaints in either this action or the state court action list BAM as a debtor; however the alleged personal

guarantees "purportedly signed" by CMatter and JMatter and Jack Matter list BAM as being a debtor in addition to Gulf Coast. (Id. at ¶ 6). Defendants add that while they guaranteed debt extended to BAM for a real estate purchase, that loan was repaid on or about October 11, 2007 and the mortgage satisfied, thereby "extinguishing the only debt which Craig and Jodi Matter ever personally guaranteed." (Id. at ¶ 7). As such, Defendants assert that Jack Matter, BAM and Gulf Coast are indispensible parties because the loans made the basis of Regions' complaint were extended to Gulf Coast and were personally guaranteed by Jack Matter and BAM was added as a debtor. (Id. at ¶ 18). On Report & Recommendation, U.S. Magistrate Judge Milling denied Defendants' motion and this Court adopted same on May 11, 2009. (Docs. 15, 17).

On May 7, 2009, Regions moved for summary judgment. (Doc. 16). On June 29, 2009, Defendants filed a motion for an extension of time pursuant to Rule 56(f) or in the alternative, response in opposition to the motion for summary judgment. (Doc. 21). Defendants assert, in part, that the authenticity of the signatures on the CMatter Guaranty and JMatter Guaranty as well as the authenticity of those documents themselves, create issues of genuine material fact. (Id.) On June 30, 2009, Defendants filed their Answer to the Complaint (Doc. 22), in which they assert that each "was never and is not presently personally obligated to pay any debts of [Gulf Coast] . . .". (citing ¶¶ 23, 25), and allege Counterclaims, asserting that they "never agreed to guaranty [sic] any debt of [Gulf Coast], nor did [CMatter and JoMatter] sign any agreement to guaranty [sic] any previously owed debt by [Gulf Coast]" (citing ¶ 51). On June 30, 2009, this Court ordered Regions file a response to Defendants' Rule 56(f) motion as well as a reply to Defendants' response in opposition to its motion for summary judgment by July 9, 2009. (Doc. 23). On July 9, 2009, Regions filed its response and reply. (Doc. 25). On July 10, 2009, Defendants filed a motion to strike the exhibits

attached to both Regions' Complaint and summary judgment motion asserting:

> As the Matters have stated in their Rule 56(f) affidavits, as well as their Answer and Counterclaims, and their Motion for an Extension of Time/Alternatively Response to Regions' Motion for Summary Judgment, the Matters have requested to view the original loan files in connection with the purported guaranties which Regions claims were signed by Craig and Jodi Matter and Regions has refused to produce the original loan files, even though the Matters believe that a review of the original files bearing the original signatures will show that Craig and Jodi Matter did not guaranty any debt of GCMW, but only the debts of BAM, such debts of BAM having been paid off and discharged.

> * * *

> Regions singularly relies on rough photocopies of purported signed guaranties as sole proof that the Matters are personally responsible for the debts of GCMW, even though such poor photocopies would be inadmissible at trial pursuant to the Federal Rules of Evidence.

> * * *

> Craig and Jodi Matter have continually contested the authenticity of these guaranties which Regions claims show that the Matters are personally obligated for the debts[]

> * * *

> [T]he Matters contested the authenticity of the purported guaranties, contested the authenticity of the signatures shown on those purported guaranties, and denied that they ever guaranteed any debt of G[ulf Coast] . . . .

> * * *

> Craig and Jodi Matter have requested to view the original loan files in the possession of Regions Bank and Regions has refused to provide access to those documents. The Matters have continually contested Regions' claims that the Matters are personally responsible for any debt of GCMW and the Matters have additionally contested the validity of the purported guaranties and the purported signatures on any guaranty which relates in any way to the debt of GCMW, such debt having already been incurred by GCMW only upon the condition that John E. "Jack" Matter guaranty the GCMW debt.

> * * *

> In addition, all such documents on which Regions relies in its Complaint and Motion for Summary Judgment are copies and the Matters have continually contested the authenticity and validity of all such documents.

(Doc. 26).

## II.   <u>Discussion</u>

Summary judgment should be granted only if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).[1]  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  The party seeking summary judgment always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  <u>Id.</u> (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  <u>Celotex</u>, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 998-999 (11th Cir. 1992), <u>cert. den.</u>, 507 U.S. 911 (1993) (internal citations and quotations omitted).  The mere existence of a factual dispute will not automatically necessitate denial; rather,

---

[1]  Rule 56(c) of the <u>Federal Rules of Civil Procedure</u>, provides that summary judgment shall be granted:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c).

4

only factual disputes that are material preclude entry of summary judgment.  <u>Lofton v. Secretary of Dep't of Children & Family Serv.</u>, 358 F.3d 804, 809 (11th Cir. 2004), <u>cert. den.</u>, 534 U.S. 1081 (2005).

In this case, the Defendants have consistently asserted that the authenticity of the loan documents – <u>*upon which this entire case is based*</u> – are in dispute.  Specifically, the Defendants assert that they did not personally guaranty the loans as Regions claims, but that another individual, Jack Matter, is the guarantor.  Additionally, the Defendants have repeatedly and vehemently denied that they ever personally guaranteed the debt of Gulf Coast, and moreover, have continually contested the very authenticity of the Guaranty(s) which Regions alleges evidences such obligations on their part.  And notably, the Defendants have filed Rule 56(f) Affidavits in support of their assertions, in which they each state that they have never personally guaranteed loans made to Gulf Coast.  (Doc. 20).  On summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  <u>Tipton</u>, 965 F.2d at 998-999.  The Court draws its inferences on summary judgment in favor of the non-moving party; thus, while Regions' interpretation of the events surrounding the loans (and the loans themselves) is plausible, given the Matters' assertions, Regions is currently not entitled to it.  Indeed, when viewing the facts in the light most favorable to the non-movant, the Defendants have established the existence of a genuine issue of material fact as to whether they – or someone else – guaranteed the loans.  <u>See</u>, <u>e.g.</u>, <u>Cottingham v. Citizens Bank</u>, 859 So.2d 414, 420-421 (Ala. 2003) (denying summary judgment due to the existence of a genuine issue of fact – namely, the authenticity of a signature contained on a guaranty).  In sum, such facts, if believed by a jury, could reasonably undermine Regions' claim that the Defendants guaranteed the loans.  This factual issue is sufficient to preclude summary judgment.

5

Accordingly, Regions' Motion for Summary Judgment is **DENIED.**

**III.**   <u>**Conclusion**</u>

Based upon the foregoing, the Court finds that Region's Motion for Summary Judgment

(Doc. 16) is **DENIED.**   As a result, Defendants' Motion to Strike (Doc. 26) is **MOOT.**

**DONE** and **ORDERED** this the **17**th day of **August 2009.**

  /s/ Kristi K. DuBose         
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**